IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS MULDROW and | ) | |
| TONI C. MULDROW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 16-cv-2381-STA-cgc |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| VENDOR RESOURCES | ) | |
| MANAGEMENT, and | ) | |
| WILSON & ASSOCIATES, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS**

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (ECF No. 6) filed on June 6, 2016. Local Rule 12.1(b) requires a party opposing a motion to dismiss to respond within 28 days after the motion is served. Plaintiffs Dennis Muldrow and Toni C. Muldrow's response was due by July 7, 2016. To date Plaintiffs have failed to respond to Defendant's Motion to Dismiss. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs filed their Complaint to Set Aside Foreclosure in the Chancery Court for Shelby County, Tennessee on May 2, 2016. Defendant JPMorgan Chase Bank, N.A. ("Chase Bank") removed the matter to this Court on June 1, 2016. Plaintiffs' Complaint seeks to set aside the foreclosure of property located at 5847 Hickory Commons, Memphis, Tennessee, and to declare

1

the foreclosure a nullity and to enjoin Defendants' warrant for forcible entry and detainer. Plaintiffs refinanced their mortgage to a 15-year, adjustable rate mortgage with Chase Bank in 2003. (Compl. ¶ 15.) In the years since that time, Plaintiffs experienced a number of hardships, family tragedies, and serious health issues that periodically caused them to fall behind in their payments. (*Id.* ¶¶ 16-21.) In each instance Chase Bank always worked with Plaintiffs to bring their account current. (*Id.* ¶ 20.)

But on January 8, 2016, Chase Bank foreclosed on Plaintiff's property.[1] Plaintiffs learned of the foreclosure on January 11, 2016, when Mrs. Muldrow called Chase Bank to inquire about the status of Plaintiffs' application for a loan modification. (*Id.* ¶ 9.) The Complaint alleges that Plaintiffs had begun working on a loan modification in June 2015 and had submitted an application for a loan modification in November 2015. (*Id.* ¶¶ 10, 11.) Plaintiffs' contact person with Chase Bank, Denise Avila, never advised Plaintiffs that a foreclosure sale would proceed. (*Id.* ¶ 12.) Plaintiffs had spoken with Avila as recently as January 5, 2016, three days before the foreclosure sale, and were told that their application for a loan modification was complete and that they would have a response from Chase Bank within a week. (*Id.* ¶ 13.)

From these premises, Plaintiffs allege that Chase Bank wrongfully foreclosed on their property by failing to give Plaintiffs proper notice of the foreclosure sale as required by Tenn.

---

[1] Defendant Vendor Resources Management is the named plaintiff on the detainer warrant seeking possession of the subject property from Plaintiffs in Shelby County General Sessions Court. Defendant Wilson & Associates, PLLC acted as trustee at the foreclosure sale, and is counsel of record in the forcible entry and detainer action. Plaintiffs' Complaint alleges "no specific act of wrongdoing" against Wilson & Associates, PLLC or Vendor Resources Management. (*Id*. ¶¶ 5, 6.) Apparently, Plaintiffs have named these parties as Defendants in this action for the purpose of obtaining injunctive relief against them to preclude any further action on the detainer warrant. The Complaint alleges no facts to show that either of these Defendants is liable to Plaintiffs under any theory of relief raised in the pleadings. According to the Motion to Dismiss, the parties have reached an agreement to stay any action on the detainer warrant

Code Ann. § 35-5-101(e). (*Id.* ¶ 23.) Plaintiffs further allege that Chase Bank negligently or intentionally misled Plaintiffs about the status of their loan modification application in December 2015 and January 2016. (*Id.* ¶ 24.) Chase Bank's act of foreclosing on Plaintiffs' mortgage constitutes an unfair or deceptive business practice and violated the Tennessee Consumer Protection Act ("TCPA"). (*Id.* ¶ 25.) Plaintiffs pray for a court order setting aside the foreclosure sale, a declaration that the sale was a nullity, compensatory damages in the amount of $60,000.00, and an injunction to preclude Chase Bank from evicting Plaintiffs from their home.

In its Motion to Dismiss, Defendant argues that the Complaint fails to state any claim for relief. First, Plaintiffs have not stated a plausible claim for wrongful foreclosure. Plaintiffs allege that they did not receive proper statutory notice of the foreclosure. Defendant has attached to its Motion to Dismiss a copy of the trustee's notice of the foreclosure sale (ECF No. 6-2). Defendant argues that the Court can consider the exhibit as part of the pleadings for purposes of the Rule 12(b)(6) Motion to Dismiss. The notice shows that the sale was properly noticed and that Plaintiffs were sent notice of the sale by means of certified mail on September 15, 2015. Even if the Court declines to consider the exhibit, the Complaint does not plausibly allege that Defendant foreclosed on Plaintiffs' property without notice to Plaintiffs. The pleadings allege that Plaintiffs had fallen behind on their mortgage payments and had requested a loan modification. According to Defendant, these allegations are inconsistent with any claim that Plaintiffs lacked notice that a foreclosure was in process. And even if the trustee failed to give notice of the sale, Tennessee law does not allow for the setting aside of a foreclosure sale. Therefore, the Court should dismiss the wrongful foreclosure claim.

---

pending the outcome of this case.

Likewise, Defendant argues that the Complaint fails to state a claim for violations of the TCPA. Courts applying Tennessee law have held that the TCPA does not reach the manner in which a lender conducts a foreclosure sale or by which the homeowner receives notice of the sale. The Complaint also fails to plead any TCPA claim with the requisite particularity. Plaintiffs have at best merely alleged that they were applying for a loan modification and that Chase Bank acted deceptively by proceeding with the foreclosure any way. Defendant argues that these bare allegations are too conclusory to satisfy the heightened pleading standards for a TCPA claim. Therefore, the Court should dismiss the claim under Rule 12(b)(6).

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] Although this standard does not require "detailed

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[5] Fed. R. Civ. P. 8(a)(2).

factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[6] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

## **ANALYSIS**

The Court holds that Plaintiffs' claims are subject to dismissal. As an initial matter, Defendant has submitted an exhibit that was not attached to Plaintiffs' original state court Complaint. Defendant has attached to its Motion to Dismiss a copy of the notice of the trustee's sale under a cover letter from Wilson & Associates, PLLC. The cover letter dated September 15, 2015, was purportedly sent to each Plaintiff along with notice of the trustee's sale by means of certified mail. According to the notice, a foreclosure sale was set for November 20, 2015. Rule 12(d) of the Federal Rules of Civil Procedure provides that

> If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[9]

---

[6] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[7] *Twombly*, 550 U.S. at 555, 570.

[8] *Iqbal*, 556 U.S. at 678.

[9] Fed. R. Civ. P. 12(d); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008).

The Court retains the discretion to consider or exclude such extrinsic evidence presented with a Rule 12(b) motion.[10] Even where a party attaches exhibits to a Rule 12 motion, Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."[11] Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based.[12] Nevertheless, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.[13]

The Court finds that the exhibited submitted with Defendant's Motion to Dismiss is properly considered part of the pleadings because the notice is referred to in the Complaint and is central to Plaintiffs' wrongful foreclosure claim. Plaintiffs have alleged that they did not receive proper notice of the foreclosure in violation of Tenn. Code Ann. § 35-5-101(e). Based on this allegation, the Court finds that Defendant's notice, including proof of publication, is referred to in the pleadings and central to Plaintiff's claim of improper notice. Thus, the document attached to Defendant's Motion to Dismiss is properly part of the pleadings, and the Court will consider it without converting the instant Motion to a motion for summary judgment.

The Court holds that Plaintiff has failed to state a claim for wrongful foreclosure based

---

[10] *Jones*, 521 F.3d at 561. *See also Pueschel v. United States*, 369 F.3d 345, 353 n.3, (4th Cir. 2004); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003).

[11] Fed. R. Civ. P. 10(c).

[12] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).

[13] *Weiner*, 108 F.3d at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

on a lack of notice of the trustee's foreclosure sale under Tenn. Code Ann. § 35-5-101(e). The law applicable to notice of foreclosure sales, Tenn. Code Ann. § 35-5-101, states, "In any sale of land to foreclose a deed of trust, mortgage, or other lien securing the payment of money or other thing of value or under judicial orders of process, the trustee or other party that sells the property shall send to the debtor and any co-debtor a copy of the notice required in § 35-5-104."[14] The statute further requires that the notice be sent "on or before the first date of publication" and by certified mail to the debtor's mailing address.[15] Plaintiffs' allegation that they did not receive notice or proper notice is not plausible under the circumstances. Defendant has attached copies of the notice letters dated September 15, 2015, addressed to each Plaintiff at 5847 Hickory Commons, Memphis, Tennessee 38141. Based on the exhibit, the Court finds that Defendant properly addressed notice of the trustee's sale under Tenn. Code Ann. § 35-5-101(e). Therefore, the Court holds that Plaintiff has failed to state any claim for wrongful foreclosure based on a violation of § 35-5-101(e).

Alternatively, Tenn. Code Ann. § 35-5-106 further provides that should a sale proceed without complying with "the provisions of this chapter, the sale shall not, on that account, be either void or voidable."[16] Consistent with this code provision, the long-standing rule in Tennessee is that a trustee's failure to comply with statutory foreclosure requirements "does not render the sale at foreclosure void or even voidable."[17] The Tennessee Court of Appeals has

---

[14] Tenn. Code Ann. § 35-5-101(e).

[15] *Id.*

[16] § 35-5-106.

[17] *Federal Nat. Mortg. Ass'n v. Robilio*, W2007-01758-COA-R3-CV, 2008 WL 2502114, at *7 (Tenn. Ct. App. June 24, 2008) (citing *Doty v. Fed. Land Bank of Louisville,* 89 S.W.2d

7

commented that "[i]t is apparent that the legislature did not want uncertainty concerning land titles to prevail."[18] Based on this well-established authority, the Court holds that the Complaint fails to state a claim for setting aside the foreclosure sale. Even if Plaintiffs had plausibly alleged that Defendant did not give proper statutory notice, setting aside the foreclosure sale is not a remedy for a violation of the statute. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to this claim.

The Complaint also refers to the TCPA and alleges that Defendant's conduct violated the Act. The TCPA states that "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices. . . ."[19] Among the unfair or deceptive acts or practices listed in the TCPA is a catch-all provision that makes "engaging in any other act or practice which is deceptive to the consumer or to any other person" unlawful.[20] An "unfair or deceptive" act or practice is a "material representation, practice or omission likely to mislead a reasonable consumer."[21] "In order to be successful under the [TCPA], it must be proven that

---

337 (Tenn.1936); *Williams v. Williams,* 156 S.W.2d 363, 369 (Tenn. Ct. App. 1941)). *See also McSwain v. Am. Gen. Fin., Inc.*, 1994 WL 398819, at *2-3 (Tenn. Ct. App. July 22, 1994).

[18] *McSwain*, 1994 WL 398819, at *2 (concluding that Tenn. Code Ann. § 35-5-107 "specifically provide[d] relief for anyone affected by noncompliance with the foreclosure statutes").

[19] Tenn. Code Ann. § 47-18-104(a).

[20] § 47-18-104(b)(27). The Tennessee Legislature amended this paragraph effective October 1, 2011, making it a violation to "[e]ngag[e] in any other act or practice which is deceptive to the consumer or to any other person; provided, however, that enforcement of this subdivision (b)(27) is vested exclusively in the office of the Attorney General and Reporter and the director of the division." Defendant has not raised this amendment as grounds for dismissal of Plaintiffs' TCPA claim. As such, the Court need not reach the issue here.

[21] *Ganzevoort v. Russell,* 949 S.W.2d 293, 299 (Tenn. 1997).

there was some deception, misrepresentation or unfairness, regardless of any breach of contract."[22] The Tennessee Supreme Court has court warned that the TCPA does "not extend to every action of every business in the State."[23]

The Court holds that the Complaint fails to state any claim for a violation of the TCPA. As a procedural matter, Plaintiffs have not alleged their TCPA claim with sufficient particularity. Courts applying the TCPA have held that a plaintiff must plead with particularity the circumstances of the unfair or deceptive conduct.[24] Here Plaintiffs have failed to allege the particulars of Defendant's conduct, such as the specifics of any representations made by Defendant. Plaintiffs have simply alleged that they applied for a loan modification in November 2014 at a time after the loan was in default and that Defendant went forward with the foreclosure in January 2016 without giving Plaintiff notice of the trustee's sale. The Court holds that these allegations are not enough to state a plausible TCPA claim. Based on this deficiency alone, the Court holds that Plaintiff has failed to state his TCPA claim.

As a substantive matter, the Court holds that the TCPA does not apply to a claim involving the mode and manner of a foreclosure sale. Although the TCPA creates a private cause of action for specified unfair or deceptive acts or practices, the conduct of mortgage

---

[22] *Hamilton Cnty. Emergency Commc'ns Dist. v. Orbacom Commc'ns Integrator Corp.*, No. 1:04-CV-7, 2006 WL 120157, at *8-9 (E.D. Tenn. Jan. 17, 2006) (citing *Office Furniture & Related Servs. Inc. v. United Constr. Corp.*, No. M2003-02126-COA-R3-CV, 2005 WL 378707, at *5 (Tenn. Ct. App. Feb.16, 2005).

[23] *Pursell v. First American Nat. Bank*, 937 S.W.2d 838, 841 (Tenn. 1996).

[24] *E.g. Metro. Prop. & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 WL 1993446, at * 5 (6th Cir. Aug. 17, 2005) (applying Fed. R. Civ. P. 9(b)); *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999) (applying Tenn. R. Civ. P. 9.02)).

foreclosure proceedings is not one of them. Courts applying Tennessee have consistently held that the TCPA does not reach a lender's conduct in foreclosure proceedings.[25] Even if the Complaint had pleaded a TCPA with the requisite particularity, the claim does not lie in the context of a foreclosure. Therefore, Plaintiffs' TCPA claim must be dismissed.

Having concluded that the Complaint fails to state any substantive cause of action against Chase Bank, the Court need not consider Plaintiff's prayers for injunctive relief as to Defendants Vendor Resource Management and Wilson & Associates, PLLC.

## CONCLUSION

The Court holds that the Complaint fails to state any claim for relief. Accepting the factual pleadings of the Complaint as true and construing the allegations in the light most favorable to Plaintiffs, Plaintiffs have not stated their claims for wrongful foreclosure or violations of the TCPA. Therefore, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 26, 2016.

---

[25] *Tyree v. U.S. Bank, N.A.*, No. 14-2476-STA, 2015 WL 73656, at *5 (W.D. Tenn. Jan. 6, 2015); *Vaughter v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00776, 2012 WL 162398, at *6 (M.D. Tenn. Jan. 19, 2012); *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 609-10 (W.D. Tenn. 2011); *Flynn v. GMAC Mortg., LLC*, No. 03:11-CV-416, 2011 WL 4708858, at *2 (E.D. Tenn. Oct. 4, 2011); *Launius v. Wells Fargo Bank, N.A.*, No. 03:09-CV-501, 2010 WL 3429666, at *5-6 (E.D. Tenn. Aug. 27, 2010); *Simms v. CIT Group Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *9 (W.D. Tenn. Apr. 9, 2009); *Schmidt v. Natl. City Corp.*, No. 3:06-CV-209, 2008 WL 5248706, * 8 (E.D. Tenn. Dec. 17, 2008) (holding that held that there was no TCPA cause of action for the allegedly deceptive conduct of foreclosure proceedings); *Hunter v. Washington Mut. Bank*, No. 2:08-cv-069, 2008 WL 4206604, at * 5-6 (E.D. Tenn. Sept. 10, 2008).